Margaret Croucher, Plaintiff-Appellee, v. Shelby Croucher, Defendant-Appellant.

Gen. No. 49,724.

First District, Fourth Division.

July 20, 1964.

Emilie N. Wanderer, of Chicago, for appellant.

No brief filed for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from an order denying a petition to vacate an order committing defendant to the County Jail for contempt of court for failure to comply with a divorce decree.

When sued for divorce, defendant, although a resident of Wisconsin, submitted to the jurisdiction of the Superior Court of Cook County. His agreement to pay child support was incorporated in the divorce decree of April 18, 1957.

On August 30, 1962, a writ of attachment was issued without notice directed to the Sheriff of Cook

County on the basis of a petition alleging that defendant wilfully failed to comply with the provisions of the divorce decree in that he failed to pay $9,211.49 for child support. Defendant was produced in court on January 24, 1964, and after a hearing, found guilty of wilful contempt and committed to the custody of the Sheriff for not to exceed six months or until the amount of $12,355.99 was paid. A petition to vacate the contempt order was filed on May 8, 1964. It alleged that defendant was employed and living in Dayton, Ohio and that a son of the defendant, Kirk, while visiting his father in Dayton, inveigled him into an automobile and with the aid of two friends handcuffed and gagged the defendant and drove him to 37th Street and the Daniel Ryan Expressway in Chicago where by prearrangement the defendant was delivered into the custody of a Deputy Sheriff. No answer was filed to the petition and on May 11, 1964, it was denied.

In In re Cash, 383 Ill 409, at page 416, 50 NE2d 487, the court said:

> It is quite true that courts will not tolerate an abuse of process by which a party is brought within the jurisdiction of the court through some fraud or duress for the purpose of obtaining service or of conferring jurisdiction in a particular county.

In McNab v. Bennett, 66 Ill 157, it was alleged that a defendant was falsely charged with a crime and arrested for the purpose of forcibly taking him from his county of residence to another county and there having civil process served upon him. The court held at page 160:

> . . . it would be a base and utter perversion of the object of the law to permit an arrest upon false and fraudulent pretence, and the abduction

18

of a man, for the sole purpose of obtaining service in a civil proceeding.

We find that the service of the writ of attachment in Cook County after forcibly abducting the defendant from Ohio for the purpose of bringing him into this jurisdiction for service of process was illegal. Therefore any proceedings or order based on such service were void.

Defendant also urges that the writ of attachment itself was void because defendant was not given notice of the application for the writ of attachment. In Ex parte Henry Petrie, 38 Ill 498, a defendant committed to jail on a writ of attachment for failure to pay temporary alimony sought discharge from custody by habeas corpus. In denying the writ the court said at page 501:

> The ground presented is, that the proceedings in the Superior Court were irregular, because no notice was given the petitioner in the proceedings against him by attachment. We recognize the principle that it is of the essence of all convictions or adjudications, that the party accused should have an opportunity to be heard in his defense. . . . It cannot be said that a party has no proper notice of a proceeding against him, merely because the first intimation he receives of it is by an arrest under a process of the court.

And on page 502 the court continued:

> Sometimes an order is made nisi; that is, the party is notified that he will be adjudged guilty, &c., unless, before such a day, he show cause to the contrary. *Or, he may be proceeded with, in the first instance, by an attachment, which is something very different from this mittimus. An attachment for contempt in the first instance, for* disobedience to a decree of the court of chancery,

19

is merely a process to arrest the body of the person complained of, and bring him before the court to show cause why he should not be adjudged guilty and punished, &c., for the contempt.

 Therefore we find that a writ of attachment for contempt of court may be issued without notice whenever circumstances require.

The orders of May 11, 1964, and January 24, 1964, are reversed and defendant discharged from the custody of the Sheriff of Cook County.*

Reversed.

ENGLISH, P. J. and McCORMICK, J., concur.

---

* Since the mandate of this court cannot be issued for at least fifteen days, the defendant will have been discharged from custody prior to that time on the expiration of the commitment order. However, because of the importance of the issues, we will file our opinion.

Defendant filed his appeal on May 28, 1964. His abstract and brief were filed on June 26, 1964. Defendant's motion to advance the date for oral argument was allowed and oral arguments were heard on July 15, 1964.